IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DANIEL MOSES SCOPE, | § | |
| (TDCJ No. 1530351), | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 7:14-CV-002-O |
| | § | |
| ADAM WRIGHT, et al., | § | |

**FINDINGS , CONCLUSIONS AND RECOMMENDATIONS**

This matter comes before the undersigned Magistrate Judge pursuant to the District Court's Order of Reference (ECF 9) under authority of 28 U.S.C. § 636(b) for further review, a hearing, if necessary, and findings of facts, conclusions of law, and recommendation. Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 42 U.S.C. § 1983 against three named correctional officers in their individual and official capacities seeking monetary compensation for injuries due to their use of excessive force.  Plaintiff further seeks injunctive relief in the form of transfer out of administrative segregation alleging claims of bias against the correctional officer who conducted his disciplinary hearings that led to another correctional officer wrongfully assigning him to administrative segregation due to that disciplinary matter.  Plaintiff has been granted leave to proceed *in forma pauperis*. Following review of Plaintiff's pleadings, the court issued a questionnaire to Plaintiff Scope to allow further development of the facts supporting Plaintiff's claims against the individual defendants. Plaintiff has answered the court's questionnaire. (ECF 11).

The Incident

I find from Scope's own pleadings that on or about January 7, 2013 a confrontation occurred between himself and three corrections officers as a result of which Scope was pepper sprayed and

injured and subsequently disciplined by being placed in Administrative Segregation.

## Authorization and Standard for Review

Under 28 U.S.C. 1915(e) where an inmate is permitted to proceed *in forma pauperis*, the Court on its own motion may review any action to determine if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. In its own evaluation of the action, the court applies the same standard of review as for a motion to dismiss under Rule 12(b)(6). In evaluating a motion which challenges the adequacy of a complaint under 12(b)(6) in a prisoner's *pro se* suit, this Circuit has found that the trial court must look beyond the inmate's formal complaint and consider material subsequently filed as supplements to that complaint. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). *Pro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief. *Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97 (1976). Accordingly, this court has reviewed Plaintiff's Complaint (ECF 3), Brief (ECF 6), Amended Complaint (ECF 7), and Response to Court's Questionnaire (ECF 11). The necessary elements of an inmate's excessive force claim under 42 U.S.C. §1983 are fully and articulately set out in *Hudson v. McMillen*, 501 U.S. 1 (1992) and need not be repeated here. Further, the standards for review of an inmate's *pro se* pleadings for §1983 relief are fully and articulately set out in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007) and its progeny and need not be repeated herein. In reviewing Plaintiff's claims in this action against these defendants, I have adhered to these standards.

## Findings, Conclusions and Recommendations

### Jonathan Eastep

Reviewing Plaintiff's aforesaid pleadings and his answers to the court's questionnaire, I find that Plaintiff has wholly failed to allege facts supporting any cognizable claim against Jonathan R.

Eastep, the correctional officer who assigned Scope to administrative segregation.

Within his rambling pleadings Scope makes two separate complaints regarding his placement in Administrative Segregation (Ad-Seg). He complains first that as a result of the Incident between himself and the three correction officers, he was immediately taken to a separate building (Ad-Seg) and held there without any initial due process. Secondly, he complains that after two disciplinary hearings were conducted, he was wrongfully assigned to and held in Ad-Seg as a violent offender for a year and beyond. It is apparent from his pleadings that not only were there two disciplinary proceedings (#20130124201 and #20130139202)[1] brought against Scope by the correction officers, but also Scope filed two grievance proceedings (#201379774 and #2013090919)[2] challenging the decisions and his treatment resulting from the disciplinary hearings.

Upon the complaint of Defendant Adam Wright, a correctional officer, the initial prison disciplinary proceeding was conducted before Defendant Joseph Boyle, the disciplinary hearing officer (DHO), in this case. As a result of the decision of the DHO at the disciplinary hearing, Defendant Eastep assigned Scope to Ad-Seg. To that decision by DHO Boyle, Scope filed his first grievance #201379774. That decision was subsequently "dismissed and deleted by the Asst. Warden."[3] A second disciplinary proceeding #20130139202 was initiated by an amended offense report prepared by correctional officer Wright that Scope claims "added" allegations not originally alleged in the first offense report that "Plaintiff struck and injured the two other Defendants."

Here, Scope first alleges that his placement in administrative segregation was the result of a tainted disciplinary process, one in which the disciplinary hearing officer was biased and accepted

---

[1] See ECF 7, p.12 and 13-14.

[2] See ECF 7, p. 14 at very top of page.

[3] ECF 7, pp.13-14.

false testimony from one or more of the correction officers. The challenge to the character of the evidence adduced during the hearing is simply a challenge to the credibility of the witnesses, an issue solely within the province of the hearing officer. The challenge that the DHO was biased is wholly conclusory, unsupported by any allegations of fact other than that Scope does not agree with the decision of the DHO. Furthermore, as a result of Scope's second grievance following the second disciplinary hearing, the reviewing officer determined that "The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence."[4]

Scope further alleges that in placing him in Ad-Seg Defendant Eastep fudged the Ad-Seg initial placement form by adding false entry that Scope was ***biting*** as well as striking one of the officers during the Incident.[5]

Placement in administrative segregation or a change in custodial classification as a result of a disciplinary infraction, *without more*, does not constitute a deprivation of a constitutionally cognizable liberty interest, and, therefore, there is no right to due process. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976). Furthermore, to demonstrate a liberty interest, such that due process rights are applicable, the prisoner, such as Scope, must show that the placement in administrative segregation or the change in custody status was imposed for disciplinary reasons and involves "atypical and significant hardship on the inmate in relation to the

---

[4] ECF 7, p.19.

[5] ECF 7, p.14 ("Defendant J. Eastep, Captain, made in the (I-169) Admin. Seg. Initial Placement form. He stated that the Plaintiff was actually Biting and Striking officers. Biting any officers is not mentioned in neither of the two disciplinary offense reports against Plaintiff. Neither in case #20130124201 or #20130139202.").

ordinary incidents of prison life." See *Allums v. Phillips*, 444 Fed. Appx. 840 (5th Cir. 2012).

The findings made at a prison disciplinary hearing are presumptively valid. This court is not permitted to reassess the evidence submitted at the disciplinary hearing or to assess the credibility of the witnesses. That review of the disciplinary hearing has already been afforded and completed by the prison officials. Any assertion that state prison rules and regulations were broken in connection with Scope's placement in administrative segregation do not state a constitutional claim. *See Allums, supra; Jackson v. Cain*, 864 F.2d 1235, 1252 (5th Cir. 1989). As long as the constitutional *minima* of procedural due process mandated by *Wolff*[6] have been met, the state's failure to follow its procedural regulations does not establish a violation of due process. *Dixon v. Hastings*, 202 Fed. Appx.750 (5th Cir. 2006). The addition of a notation on a placement form that Scope was "biting" officers, whether true or untrue, whether within or without the prison disciplinary regulations, does not rise to a due process level.

It is clear from Scope's own pleadings that he was given notice of the officer's complaints concerning his conduct in the incident; that he participated in his own defense during the disciplinary proceedings, and that there was some evidence admitted during the hearings supporting a finding that Scope was guilty of an offense during the Incident, and the disciplinary decision has been reviewed by the appropriate prison officials and affirmed. This procedure satisfies the mandates of *Wolff*. This is all the due process to which Scope was entitled before being placed in Ad-Seg for disciplinary reasons.

I find that Scope has failed to allege any facts to show that his assignment to Ad-Seg involves "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Accordingly, I conclude that Scope has wholly failed to allege a claim against

---

[6]   *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Defendant Jonathan Eastep that is cognizable by this court. I therefore Recommend to the District Court that Scope's claims against Jonathan Eastep be DISMISSED. I further recommend that Scope's claim for injunctive relief in the form of release from Ad Sea be DISMISSED for lack of merit.

## Joseph Boyle

Scope claims that Captain Joseph Boyle, who presided at Scope's two disciplinary hearings, was biased and slanted "to allow change in the charges and addition of witnesses," and that he was part of a coverup conspiracy. Scope claims that in presiding in his first disciplinary case, Boyle wrongfully determined that Scope had committed an assault on one of the corrections officers by "merely coming at someone with a closed fist." But when Boyle presided at the second disciplinary hearing, Scope claims that Boyle allowed the officers to change their complaints to allege that Scope assaulted a second officer as well as the first. These two factual based allegations wholly fail to articulate any claim congnizable by this court. The first complaint relates to procedural aspects of pleadings in state prison disciplinary proceedings, *ie*. that the presiding officer allowed a charging officer to modify his complaint allegations leading to the second disciplinary proceeding. The second complaint challenges the correctness of the hearing officer's guilt finding. An inmate does not have a federally protected liberty interest in having his grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Neither of these two complaints, even if established, rise to a constitutional due process level. Nor do they violate the due process mandates of *Wolff*.

Scope's final complaint regarding Captain Boyle is that he was part of a conspiracy to coverup. But Scope does not articulate what was the object of any such a coverup, nor who was part of such conspiracy. His conspiracy allegation against Boyle is wholly conclusory. Accordingly, finding that Scope's allegations against Boyle are wholly conclusory, unsupported by any articulated

6

facts, I recommend that Scope's claims against Captain Joseph Boyle be DISMISSED.

### Adam Wright, Smith and Alvin Rachels

As to these three corrections officers, Scope's Complaint, supplemented by this answers to the Court's Questionnaire questions, adequately alleges claims of the use of excessive force arising out of a confrontation between them and Scope. As to these officers, Scope alleges 1. That Wright provoked an unjustified use of force resulting in his assault on Scope by spraying him with mace, punching him in the face and in failing to protect Scope against other officers who kicked and stomped him in the face; 2. That Smith failed to protect Scope; kicked and stomped him in the face causing eye damage and kept kicking him after he saw blood running from and covering Scope's face and clothes; and 3. That Alvin Rachels failed to protect Scope from Wright and Smith's actions; did not attempt to stop assault, lied as to his own injuries, and went along with false accounts. Scope alleged that these defendants "did act in a conspiracy to maliciously and sadistically assault Scope using chemicals and kicking him in the face and head while he was face down on floor." And that as a result of their actions "Plaintiff sustained two black and swollen shut eyes requiring 15 stitches, bruises and scars."  For these injuries, Scope has prayed to recover compensatory and punitive damages. I find that Scope has adequately alleged a plausible claim against these three corrections officers cognizable by this Court under 28 U.S.C. § 1983. Thus, they should be called upon to answer Scope's Amended Complaint.

### Recommendations

Accordingly, I recommend to the District Court that Scope's claims against Jonathan Eastep and Joseph Boyle, in their official and individual capacities, be DISMISSED.  I recommend that all of Scope's claims for injunctive relief by way of release from Administrative Segregation be DISMISSED. Further, I recommend that upon the acceptance of these recommendations the District

Court issue an order for service of process upon the three correctional officers requiring them to answer Scope's Amended Complaint since Scope is entitled to have the assistance of the officers of the Court in the service of the pleadings under 28 U.S.C. § 1915 (d) process.

It is so ORDERED, this 5th day of February, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED, this 5th day of February, 2015.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE